[960 NYS2d 689]

In the Matter of DANA F. GRILLO, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 15, 2013

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee,* Syracuse, for petitioner.

*Emil M. Rossi,* Syracuse, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on November 29, 1982, and maintains an office in Camillus. On August 8, 2012, she was convicted upon her plea of guilty in Sennett Town Court of offering a false instrument for filing in the second degree (Penal Law § 175.30), a class A misdemeanor. On December 5, 2012, respondent was sentenced in Town Court to a six-month conditional discharge and was ordered to pay a fine in the amount of $250. The Grievance Committee subsequently filed with this Court proof of respondent's conviction. In response, respondent conceded that her conviction constitutes a "serious crime" within the meaning of Judiciary Law § 90 (4) (d), and she submitted various matters in mitigation. On January 16, 2013, this Court entered an order pursuant to Judiciary Law § 90 (4) (f), setting aside the interim suspension imposed upon attorneys who have been convicted of a "serious crime." This Court further directed respondent to show cause why a final order of discipline should not be entered. Respondent thereafter appeared before this Court and submitted matters in mitigation.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including her expression of remorse, which we find to be sincere, and her statement that she derived no personal benefit from the misconduct. We have further considered that the misconduct was an aberration that occurred at a time when respondent was suffering from extreme stress as a result of caring for a seriously ill relative. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

SMITH, J.P., FAHEY, CARNI, SCONIERS and VALENTINO, JJ., concur.

Order of censure entered.